IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NORTHERN CALIFORNIA RELIEF,
SOUTHERN CALIFORNIA RELIEF, and
STATEWIDE ASSOCIATION OF
COMMUNITY COLLEGES

Petitioners,

v.

INSURANCE COMPANY OF THE WEST,

Co-Petitioner,

No. C 08-00942 JSW

**ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

On February 14, 2008, Petitioners filed a Petition for Naming of Neutral Arbitrator. The Petition was filed pursuant to an arbitration agreement between Petitioners and Insurance Company of the West and a provision in that agreement that pertains to the method by which arbitrators are to be selected.

Federal courts are courts of limited jurisdiction and have a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994).

Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 377. Although the arbitration agreement refers to submitting a dispute of this sort to the federal court, the basis for this Court's jurisdiction is not evident from the petition.

Accordingly, Petitioners are HEREBY ORDERED TO SHOW CAUSE why this matter should not be dismissed for lack of jurisdiction. Petitioners' response shall be due by no later than March 7, 2008. Petitioners are FURTHER ORDERED to serve a copy of this Order on Insurance Company of the West.

**IT IS SO ORDERED.**

Dated: February 22, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE